■ DONALD L. BROWN et al., Appellants, v JOHN BRACHT et al., Respondents. (And Three Other Related Actions.)—Casey, J. Appeals from an amended judgment of the Supreme Court (White, J.), entered May 20, 1986 in Fulton County, upon a verdict rendered in favor of defendants.

Shortly before 6:00 A.M. on December 15, 1982, defendant John Bracht was driving his van and towing a utility trailer owned by his employer, International Chimney Corporation, in a westerly direction on the Thruway. About 5 to 10 miles before reaching the bridge, located just west of the Herkimer exit (Exit 30), the weather, which had been dry, changed to a light mist of rain or freezing rain, although the temperature remained above freezing. Traffic was very light, but by all accounts visibility was quite limited. Approaching the bridge Bracht was driving at 50 miles per hour in the right-hand lane of traffic. Approximately 100 to 200 yards before entering

the bridge, Bracht took his foot off of the accelerator and slowed to 45 miles per hour because he saw a car "fishtailing" on the west end of the bridge. When he entered the bridge Bracht also lost control of his vehicle, which began to fishtail. The van came to rest on the bridge facing south and blocking most of the left-hand lane for westbound traffic, with the trailer blocking the right lane and the right shoulder or breakdown lane. Bracht tried unsuccessfully to get his van into gear. He then put his flashers on and looked for a flashlight. Having found it, he was about to alight from the van when an automobile driven by plaintiff Donald L. Brown, in which plaintiffs Gerald C. Morey and Howard N. Smith were passengers, collided with Bracht's trailer. Bracht then exited the van, shone his flashlight into the automobile and saw Brown and Morey exiting therefrom. Trucks could be heard approaching the bridge and their headlights could be seen. Bracht waived his flashlight in their direction and apparently stopped 2 out of the 3 approaching trucks. The third truck was an 18-wheel tractor trailer driven by plaintiff Albert Popoloski and owned or leased by Stevens Freight Service Company. This vehicle collided with Bracht's van.

It is agreed by all the drivers that their respective vehicles were being driven at approximately 50 miles per hour prior to reaching the bridge and all witnesses testified that 50 miles per hour was a reasonable rate of speed for the conditions. It is also generally agreed that the bridge is 900 to 1,000 feet in length, but the parties differ on the place on the bridge where the accident occurred. Bracht claims it was the center, Brown claims it was about 100 feet from the west end and Popoloski claims it was on the west end. As a result, Brown, Morey, Smith and Popoloski and their spouses commenced actions against the drivers of the various vehicles.

Following Supreme Court's charge on the applicable law of negligence, the jury found no negligence on the part of any driver. The court included the emergency doctrine in its charge. This was excepted to by plaintiffs insofar as it was applied to Bracht and is one of the chief contentions for reversal on this appeal. Plaintiffs claim that the advance notice Bracht had of the car "fishtailing" ahead of him on the bridge required him to slow his vehicle considerably before entering the bridge, given the fact that his van was empty and his trailer was loaded; plaintiffs argue that because Bracht was unable to stop until he was halfway on the bridge, about 450 feet, his negligence caused or contributed to the emer-

gency (see, Martin v Alabama 84 Truck Rental, 38 AD2d 577, 578), precluding such a charge as to Bracht. We disagree.

In our view, the circumstances revealed by the evidence clearly presented for the jury's consideration an issue of whether Bracht was negligent in driving as he did and in the efforts he made after his vehicle came to a stop, or whether Bracht was confronted with a sudden unanticipated and unforeseeable icing of the bridge surface which placed him in an emergency situation and that he acted as a reasonable prudent person would under the same emergency conditions. Supreme Court competently and clearly differentiated between these theories and explained each to the jury. The jury's determination of no negligence on the part of Bracht was clearly within the jury's province and we find no reason to disturb its determination (see, Hart v Scribner, 44 AD2d 59). Having concluded that the emergency doctrine applied to Bracht, there was no reason for the Supreme Court to limit its application to Bracht. In the circumstances, it could also apply to the other defendant drivers (cf., Brennan v Felter, 48 AD2d 846).

Furthermore, the circumstances as outlined clearly afford a basis for the jury's finding of no negligence on the part of any driver and such determination is not against the weight of the evidence (see, Schoch v Dougherty, 122 AD2d 467, 468, lv denied 69 NY2d 605). The judgment appealed from should be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.