■ ROBERT L. ANDREW et al., Appellants, v TOWN OF BIG

---

FLATS et al., Respondents.—Kane, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered June 1, 1988 in Chemung County, which denied plaintiffs' motion to set aside a verdict rendered in favor of defendants.

In 1963, plaintiffs deeded to defendant Town of Big Flats* in Chemung County a parcel of land as part of plaintiffs' plan to develop what was called the Green Valley Subdivision. The Town approved the subdivision plan and accepted a deed to property which was described therein as: "all THAT TRACT OR PARCEL OF LAND situate in the Town of Big Flats, County of Chemung, and State of New York known as Green Valley Drive, as said street is shown on a map of Green Valley Subdivision, filed in the Chemung County Clerk's Office on March 20, 1963 as Case Map No. 1587." Case map No. 1587 shows Green Valley Drive to be a street at the east end of which a 50-foot wide undeveloped road extends to the south at approximately 90 degrees. In 1974, plaintiffs deeded to defendants Anton Spycher and Marianne Spycher a parcel of the subdivision adjacent to the eastern border of the undeveloped road. The Spychers eventually sought removal of debris from the undeveloped road and permission to maintain part of that area as an extension of their lawn. The Town removed the debris and conditionally allowed the Spychers to maintain part of the road as their lawn, there being no immediate plans to use it as a roadway. In 1983, plaintiffs objected to this use and were informed by the Town that the undeveloped road was Town property and the Spychers had permission to use it.

Plaintiffs thereafter commenced this lawsuit claiming that it was never their intention to include that land with the original deed to Green Valley Drive and seeking, *inter alia,* a judgment declaring them owners in fee of the undeveloped road. Supreme Court found the deed to be ambiguous and a trial was held. At the close of evidence, the court submitted to the jury the issue of the intent of the parties at the time the parcel in question was conveyed to the Town. As part of its charge, Supreme Court instructed the jury: "there is a general rule that where the intention cannot be gleaned from the deed itself, the description of the property conveyed will be strictly construed against the interest of the grantor * * * or grantors, in this case [plaintiffs], in favor of the party accepting the deed, or grantee, in this case the Town. That's a general rule of construction that you may apply in your deliberations." The

---

* Hereinafter referred collectively with defendant Town Supervisor and defendant Town Building Inspector and Enforcement Officer as the Town.

jury subsequently found in favor of the Town. Sometime thereafter, plaintiffs moved to set aside the jury verdict and for a new trial arguing, *inter alia,* improper jury instructions. Plaintiffs now appeal Supreme Court's denial of that motion.

The gravamen of plaintiffs' appeal centers around Supreme Court's instructions to the jury. Although arguably erroneous in part, we find that the instructions were more than adequate and that any error therein was insufficiently egregious to warrant reversal of Supreme Court's order. CPLR 4404 allows the trial court to set aside a verdict or order a new trial "where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree" (CPLR 4404 [a]). The statute contemplates an evaluation of the claimed error, in this case a jury instruction, by the trial court, who must in its discretion "decide whether substantial justice has been done, [and] whether it is *likely that the verdict has been affected" (Micallef v Miehle Co.,* 39 NY2d 376, 381 [emphasis supplied]).

Plaintiffs argue that Supreme Court erred by instructing the jury that they may apply a general rule of construction and "strictly construe" ambiguities in the deed against the interest of plaintiffs. Although plaintiffs correctly argue that the rule is to construe ambiguities "strongly" against the grantor rather than "strictly" *(see, Clute v New York Cent. & Hudson Riv. R. R. Co.,* 120 NY 267), we find that the use of the word "strictly" in this context did not affect the jury's understanding of the rule and plaintiffs have failed to show any resulting prejudice. Supreme Court thoroughly charged the jury that the primary rule in cases involving ambiguous conveyances is to construe the deed based on the intentions of the parties *(see, Loch Sheldrake Assocs. v Evans,* 306 NY 297). Here, the evidence overwhelmingly supports the conclusion that plaintiffs intended to convey the undeveloped road to the Town as part of Green Valley Drive.

We also reject plaintiffs' argument that Supreme Court's failure to instruct the jury on a more specific rule of construction regarding ambiguous deeds of dedication was cause for a new trial *(see, Beth Israel Hosp. Assn. v Moses,* 275 NY 209; *Bradley v Crane,* 201 NY 14). Ambiguous deeds of dedication have been construed in favor of the grantor *(see, supra; but cf., Martin v County of Delaware,* 61 AD2d 1111, *lv denied* 45 NY2d 711). However, plaintiffs fall short of showing that the failure to charge the jury to construe the deed in plaintiffs' favor so prejudiced the jury that the verdict was affected,

particularly in view of the overwhelming proof of plaintiffs' intent in this matter.

We are reminded that "[t]he duty of the [trial] judge to supervise the reasonableness of the verdicts returned to him ought to be viewed liberally on appeal because the independence of mind with which that duty is exercised is ingredient to the sound health of the judicial process" *(Mann v Hunt,* 283 App Div 140, 141). Here, Supreme Court properly denied plaintiffs' motion, finding "in the context of the entire charge" that any error in instructing the jury did not mislead them "as to their function, nor preclude them from a full consideration of the evidence before them".

Finally, we find plaintiffs' remaining arguments without merit.

Order affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.