■ SCOTT D. MACFARLAND, Appellant, v FREDERICK B. REED et al., Respondents. [683 NYS2d 658] —Spain, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered December 5, 1997 in Fulton County, upon a verdict rendered in favor of defendants.

This action arises from a motor vehicle accident which occurred on the morning of December 12, 1991 on State Route 30 in the Town of Northampton, Fulton County. Plaintiff and Steven Petoff were passengers in a van operated by defendant Frederick B. Reed. The record reveals that Petoff occupied the passenger seat and plaintiff was sitting on a tool box just behind the two seats in the van. Reed had driven approximately five or six miles on State Route 30-A to the intersection of Routes 30 and 30-A in the Town of Mayfield, and then north on Route 30 approximately 10 miles before encountering a vehicle operated by defendant Anne Marie Morgan and owned by her father, defendant Nelson O. Morgan.

Reed testified at trial that the road conditions were clear and traffic was moving at a normal pace on Route 30, that the Morgan vehicle entered Route 30 from Bridge Street heading southbound and that Reed and his passengers noticed the Morgan vehicle when they were approximately 500 yards away from the intersection of Route 30 and Bridge Street. Upon entering Route 30, the Morgan vehicle began to fishtail, and as the Morgan vehicle approached Reed's van it fishtailed severely, crossed the double yellow lines and entered the northbound lane; at this point Reed fully applied his brakes. Prior to braking Reed had been slowing down from 55 miles per hour, the posted speed limit in the area of the accident.

In what was described as a "hard impact", the front of the Reed vehicle struck the Morgan vehicle on the passenger side. After the car and the van collided, they came to a halt in the pull-off area on Reed's side of the road. Plaintiff's left foot and leg went through the fiberglass motor cover in the dash and Reed and Petoff were thrown into the windshield; tragically, Anne Marie Morgan suffered fatal injuries. Following the accident a Deputy Sheriff from the Fulton County Sheriff's Department investigated and determined that the Morgan vehicle had encountered black ice just north of the accident scene.

Plaintiff commenced this action for personal injury against the Morgans and Reed. After joinder of issue and completion of discovery, a jury trial was held. During the charge to the jury, Supreme Court, over plaintiff's objection, gave the emergency doctrine and unavoidable accident charges which defendants requested. Thereafter, the jury found that plaintiff sustained a

serious injury; however, the jury also determined that neither Ann Marie Morgan nor Reed was negligent. Plaintiff's motion for a directed verdict notwithstanding the jury's verdict was denied. A judgment was thereafter entered from which plaintiff now appeals.

Initially, we conclude that Supreme Court properly charged the jury. The emergency doctrine recognizes that when a person is faced with a "sudden and unexpected" circumstance, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context (*see, Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). "A party requesting the emergency instruction is entitled to have the jury so charged if some evidence of a qualifying emergency is presented" (*id.*, at 327). A qualifying emergency exists when, "under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making" (*id.*, at 327; *see, Tyson v Brecher*, 212 AD2d 851).

Here, there was no evidence that either vehicle was traveling in excess of the posted speed limit, nor is there any evidence that Reed was aware of the presence of black ice on the roadway. Further, the eyewitness's testimony indicated that the Morgan vehicle crossed the double yellow lines just prior to impact. We find support in the record for giving the requested emergency doctrine instruction to the jury (*see, Kuci v Manhattan Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924; *Rivera v New York City Tr. Auth., supra*). Moreover, it is a question for the jury to determine the reasonableness of the conduct in the face of the emergency, and the jury must be instructed to make that determination (*see, Rivera v New York City Tr. Auth., supra*, at 327); here, the jury was so instructed.

In our view, the jury could have concluded that the black ice encountered by Ann Marie Morgan was sudden and unexpected and, given the absence of any proof of excessive speed, that the loss of control of her own car was not an act of negligence. The jury was properly instructed that it could evaluate Reed's response in the framework of the sequence of events from first seeing the Morgan vehicle until impact (*see; Rivera v New York City Tr. Auth., supra*, at 329). Accordingly, the reasonableness of Reed's actions based upon the danger he perceived was a question properly submitted to the jury to evaluate negligence (*see, id.*, at 329).

Next, the jury also had to resolve the issue of whether the accident was unavoidable. "An unavoidable accident is an occurrence which is not intended and could not have been

foreseen or prevented by the exercise of reasonable caution" (*Mikula v Duliba*, 94 AD2d 503, 507; *see*, Prosser, Torts § 29 [4th ed]). Here, where the circumstances presented by the evidence raised the issue of whether Reed was negligent, including whether the effort he made to slow down or avoid the accident was reasonable or whether the accident was unavoidable altogether, an unavoidable accident charge is proper. Where Supreme Court "competently and clearly differentiated between these theories and explained each to the jury", the instruction is proper (*Brown v Bracht*, 132 AD2d 857, 859, *lv denied* 70 NY2d 615). In our view, Supreme Court properly instructed the jury with respect to both the emergency doctrine and unavoidable accident theory.

Finally, we conclude that the verdict was not against the weight of the evidence. A verdict may be successfully challenged as against the weight of the evidence only when " ' "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" ' " (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746, *appeal dismissed* 88 NY2d 1017). Here, we find no reason to set aside the jury's determination, which was a fair interpretation of the evidence.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.