■ Tina L. Hess et al., Appellants, v Laurie L. Dart et al., Respondents. [722 NYS2d 433] —Mercure, J. P. Appeal from an order of the Supreme Court (Monserrate, J.), entered January 24, 2000 in Broome County, which denied plaintiffs' motion to set aside the verdict.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Tina L. Hess (hereinafter plaintiff) in an October 1, 1997 automobile accident. At the trial of the action, defendants conceded liability for the accident and the jury ultimately rendered a verdict finding that "plaintiffs sustained their burden of proving that the accident was a proximate cause of any injury sustained by [plaintiff]" but that plaintiffs did not satisfy their burden of proving that, as a result of the accident,

plaintiff sustained a "serious injury."* Plaintiffs thereafter moved to set aside the verdict. Supreme Court denied the motion, and plaintiffs appeal.

We affirm. The standard to be employed on a motion to set aside a verdict is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746; *Niles v Shue Roofing Co.*, 244 AD2d 820, 821; *Moffatt v Moffatt*, 86 AD2d 864, *affd* 62 NY2d 875). In making that determination, considerable deference must be accorded to the jury's interpretation of the evidence and resolution of credibility issues, including those created by the conflicting opinions of medical experts (*see, Teller v Anzano*, 263 AD2d 647; *Countermine v Galka*, 189 AD2d 1043, 1045).

Although there is no question that plaintiff was injured in the accident, the medical evidence adduced at trial tended to show that the greater part of plaintiff's physical problems arose out of a preexisting medical condition, reflex sympathetic dystrophy. Notably, defendants' examining physician, who saw plaintiff on three different occasions, expressed the opinion that plaintiff sustained a soft tissue injury to her neck which was not severe enough to cause permanency, that plaintiff had a preexisting reflex sympathetic dystrophy in the left arm, which could have been temporarily aggravated by the symptoms in her neck, and that the majority of the problems noted by plaintiff's treating orthopedist, i.e., adhesive capsulitis and synovitis identified in arthroscopic surgery performed in March 1998 and repair of a torn glenoid labrum in a January 1999 arthroscopy and acromioplasty, were not causally related to the accident. In our view, that evidence provided ample support for the jury's verdict. We therefore conclude that Supreme Court did not err in denying plaintiffs' motion.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

* The categories of "serious injury" submitted to the jury were (1) a permanent consequential limitation of use of plaintiff's left arm, (2) a significant limitation of use of plaintiff's left arm, and (3) a medically determined injury or impairment of a nonpermanent nature which prevented plaintiff from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the date of the accident.