■ MARY E. ZEIGLER et al., Appellants, v WOLFERT'S ROOST COUNTRY CLUB, Respondent. [737 NYS2d 676] —Spain, J. Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered October 24, 2000 in Albany County, upon a verdict rendered in favor of defendant.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Mary E. Zeigler (hereinafter plaintiff) when she fell on May 21, 1997 while descending a set of stairs on the golf course at defendant's country club in the City of Albany. Plaintiff testified that her foot became lodged in a notch in one of the railroad ties used to construct the steps, causing her to fall. The testimony at trial revealed that in the more than three years that the stairs had been in use, defendant had never received any complaint regarding their condition, nor had any other fall or injury been reported in connection with the stairs. Both plaintiff and her golfing partner testified that each of them had used these steps on numerous occasions without injury, and they had ascended those steps earlier that day without incident. Defendant presented statistical data pertaining to the use of these steps, revealing that prior to plaintiff's accident, thousands of people had used them without incident. Plaintiffs offered the testimony of an expert opining that the steps were unreasonably dangerous.

After trial a jury rendered a verdict finding that defendant was not negligent and granting judgment in its favor. Thereafter, Supreme Court denied plaintiffs' CPLR 4404 (a) motion to set aside the verdict as against the weight of the evidence finding that "a reasonable view of the evidence on the issue of negligence could support the jury's verdict in this case." Plaintiffs appeal, and we affirm.

"The standard to be employed on a motion to set aside a verdict is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence * * *" (*Hess v Dart*, 282 AD2d 810, 811 [citations omitted]; *see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Considerable deference is to be accorded to the jury's resolution of credibility issues, including those created by conflicting expert opinions (*see, Hess v Dart, supra* at 811; *Adam v Town of Oneonta*, 217 AD2d 894, 896). Given the ample record evidence of the condition of the steps, the lack of any prior reported accidents and the rather conclusory nature of the testimony of plaintiffs' expert, the jury's verdict was, in our view, based upon a fair and reasonable interpretation of the evidence.

We also reject plaintiffs' claim that Supreme Court erred in instructing the jury that proof demonstrating the absence of prior accidents on the steps could be considered as evidence that the stairs were not dangerous. It is well settled that evidence of the absence of prior accidents is admissible, "provided the court charges that such evidence is only a factor for consideration and not conclusive" (*Wozniak v 110 S. Main St. Land & Dev. Improvement Corp.*, 61 AD2d 848, 849; *see, Orlick v Granit Hotel & Country Club*, 30 NY2d 246, 250). Here, Supreme Court instructed the jury that "such evidence is not in any way conclusive on the issue of the nature or condition of the stairway." We therefore discern no error in the court's charge to the jury.

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.