■ ROY PYPTIUK et al., Appellants, v WILLIAM F. KRAMER, Respondent. [744 NYS2d 519] —Cardona, P.J. Appeal from an order of the Supreme Court (Ellison, J.H.O.), entered January 12, 2001 in Tioga County, which denied plaintiffs' motion to set aside a verdict in favor of defendant.

On February 24, 1998, at approximately 3:05 P.M., a vehicle driven by plaintiff Laurie B. Pyptiuk (hereinafter plaintiff) collided head-on with defendant's vehicle on Barden Road in the Town of Candor, Tioga County. In April 1998, plaintiff and her husband, plaintiff Roy Pyptiuk, a passenger in the vehicle at the time of the accident, commenced this personal injury action asserting individual causes of action in negligence and derivative claims for loss of services. At the ensuing jury trial, the testimony established that, at the time of the accident, plaintiffs were traveling downhill on a curve in the southbound lane of Barden Road. Defendant was traveling northbound in the opposite lane. The road was only wide enough for two cars to pass and contained neither lane markings nor shoulders. It was snowing moderately at the time and the road was covered with snow. Prior plowing had left snow banks.

According to plaintiff, she was traveling 15 miles per hour

down the hill with her headlights and wipers on, "feathering" the brakes, when defendant's truck appeared in the middle of the road approximately 300 feet away. Plaintiff testified that she moved her vehicle as far to the right as possible, however, defendant's vehicle continued coming in her direction until it collided with her vehicle in her lane of travel. Plaintiff's version of the events was confirmed by her husband.

In contrast, defendant testified that he was traveling 25 to 30 miles per hour in four-wheel drive when he glanced up the hill and saw plaintiffs' vehicle appear from around the bend in the middle of the road heading towards him. Defendant testified that the headlights were off on plaintiffs' vehicle and, by the time he saw the car, it was only 1½ to 2 car lengths in front of him, leaving him only three to five seconds to react. Defendant testified that he attempted to maneuver to "get out of her way," but was unsuccessful and the parties collided in his lane of travel. Defendant's testimony was corroborated by a nonparty witness to the accident, Ricky Gillette, who was approximately 10 yards away when he viewed the collision. Gillette stated that plaintiffs' vehicle was skidding with its back wheels locked when it came around the corner and drifted into defendant's lane of travel. He testified that defendant was in his proper lane of travel when the collision occurred and the only way he could have avoided the collision would have been by driving through a snow bank and off the road.

At the close of proof, Supreme Court denied defendant's motion to dismiss the complaint and plaintiffs' motion for a directed verdict pursuant to CPLR 4401. The case was submitted to a jury which found that defendant was not negligent and rendered a verdict in his favor. Plaintiffs moved pursuant to CPLR 4404 (a) seeking a judgment notwithstanding the verdict, an order setting aside the verdict on the ground that the verdict was against the weight of the evidence or an order directing a new trial in the interest of justice. Supreme Court denied plaintiffs' motion* resulting in this appeal.

Initially, plaintiffs contend that their postverdict motion should have been granted and the verdict should have been set

---

* Plaintiffs object to Supreme Court's failure to address that part of their postverdict motion seeking judgment notwithstanding the verdict. The court's apparent failure to specifically rule on that aspect of the motion was the equivalent of a denial (*see, Geloso v Monster*, 289 AD2d 746, 747, *lv denied* 98 NY2d 601). To the extent that plaintiffs' arguments can be construed as a request to review this issue, we do not find that plaintiffs established that they were entitled to judgment as a matter of law (*see*, Siegel, NY Prac § 408 [3d ed]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4404:2, at 460-461).

aside as against the weight of the evidence. " 'The standard to be employed on a motion to set aside a verdict is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence * * *' " (*Zeigler v Wolfert's Roost Country Club*, 291 AD2d 609, 610, quoting *Hess v Dart*, 282 AD2d 810, 811 [citations omitted]; *see, MacFarland v Reed*, 257 AD2d 802, 804). Here, although plaintiffs point to several factors in the testimonies of defendant and Gillette which could be construed in their favor, the various conflicting testimonies regarding the events leading up to this accident presented questions of credibility for the jury to resolve (*see, Dutcher v Fetcher*, 183 AD2d 1052, 1055, *lv denied* 80 NY2d 761). Inasmuch as defendant is entitled to the benefit of every favorable inference reasonably drawn from the facts adduced at trial, we cannot conclude that the jury's verdict was against the weight of the evidence (*see, Holbrook v Jamesway Corp.*, 172 AD2d 910, 911).

Next, plaintiffs contend that their motion requesting a new trial in the interest of justice should have been granted because of several claimed errors with respect to the emergency doctrine charge to the jury (*see*, PJI3d 2:14 [2002]). Notably, in evaluating claimed errors on such a motion, the trial court must decide, in its discretion, "whether substantial justice has been done [and] whether it is likely that the verdict has been affected" (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 381; *see, Andrew v Town of Big Flats*, 155 AD2d 737, 739, *appeal dismissed* 75 NY2d 865). In reference to plaintiffs' objection to Supreme Court's decision to charge the emergency doctrine as applying to defendant's conduct, we note that there appears to be a dispute as to whether plaintiffs' counsel properly excepted to the inclusion of this instruction in the charge. Resolution of this issue is not necessary since, assuming arguendo that plaintiffs' objection was properly preserved, we find no error in Supreme Court's failure to grant plaintiffs' motion.

The emergency doctrine holds that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327; *see, Caristo v Sanzone*, 96 NY2d 172, 174; *Moore v Bame*, 257 AD2d 716, 716-717, *lv denied* 93 NY2d 809). The party requesting the

emergency instruction is entitled to such a charge "[i]f, under some reasonable view of the evidence, an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making" (*Rivera v New York City Tr. Auth.*, *supra* at 327; *see*, *MacFarland v Reed*, 257 AD2d 803, *supra*). Here, since the testimonies of defendant and Gillette, when viewed in the light most favorable to defendant (*see*, *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924), indicate that plaintiff suddenly and unexpectedly crossed over into defendant's lane of travel, a sufficient basis for charging the doctrine as to defendant's conduct was presented (*see*, *Lamey v County of Cortland*, 285 AD2d 885, 886; *Wenck v Zillioux*, 246 AD2d 717, 718; *Smith v Brennan*, 245 AD2d 596, 597; *Davis v Pimm*, 228 AD2d 885, 886, *lv denied* 88 NY2d 815).

Plaintiffs' further claim that their CPLR 4404 motion should have been granted because there was no basis for Supreme Court to sua sponte charge the jury that the emergency doctrine could also be applied to plaintiff's conduct. Additionally, they argue that it was reversible error for the court to confuse the jury by reading the instruction after the charge on damages rather than during the liability portion. Defendant correctly points out that plaintiffs waived their right to raise these arguments by failing to object to the emergency doctrine instruction as given, despite having been afforded an opportunity to do so (*see*, CPLR 4110-b; *see also*, *Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499, 500-501). While this Court is empowered to grant a new trial in the interest of justice where demonstrated errors in a jury instruction are fundamental (*see*, *Zito v New York State Elec. & Gas Corp.*, *supra* at 501), here, we find no evidence of error "so significant that the jury was prevented from fairly considering the issues at trial" (*Kilburn v Acands, Inc.*, 187 AD2d 988, 989). Significantly, the application of the emergency doctrine to opposing parties as herein does not, standing alone, amount to reversible error (*see*, 1A NY PJI3d 212 [2002]; *see also*, *Brown v Bracht*, 132 AD2d 857, *lv denied* 70 NY2d 615) and, in any event, plaintiff's description of the events preceding the accident sufficiently supports the appropriate standard for such a charge. Moreover, while there appears to be little dispute that Supreme Court's placement of the charge was not ideal, the jury did not seek further clarification with regard to application of the doctrine to the facts of this case. In the complete absence of any evidence of juror confusion, we cannot conclude that the alleged errors were so fundamental as to warrant a new trial in the interest of justice.

The remaining arguments raised by plaintiffs have been

examined and found to be unpersuasive under the circumstances.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.