■ KATIE DUFF, Now Known as KATIE MARTENS, Respondent, v FRANK DE SORBO et al., Appellants. [758 NYS2d 190] —Kane, J. Appeals (1) from a judgment of the Supreme Court (Demarest, J.), entered January 4, 2002 in Albany County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered January 16, 2002 in Albany County, which denied defendants' motion to set aside the verdict.

Plaintiff was a tenant in an upstairs apartment owned by defendants. On January 19, 1999, plaintiff reported to defendant Frank De Sorbo that water was dripping from the door frame that connected the apartment's bathroom and kitchen. Defendants sent their son to the apartment, where he saw a nail piercing a drain pipe and placed a bucket under that spot. He also put heat tape on the drain pipe and placed another bucket there. He noticed the door frame was damp, discolored, and somewhat soft. On January 24, 1999, plaintiff again called De Sorbo, this time informing him that there were puddles of water on her kitchen and bathroom floors. He told plaintiff that he would have a roofer there the next day. The next morning, the bathroom ceiling collapsed, injuring plaintiff.

Plaintiff commenced this action seeking damages for the injuries she sustained. A trial was held after which the jury found defendants negligent and awarded damages of $75,000 for past pain and suffering and $25,000 for future pain and suffering. Defendants moved pursuant to CPLR 4404 (a) to set aside the verdict. Supreme Court denied the motion. Defendants appeal from the judgment entered on the verdict and the denial of their motion.

We affirm. Defendants argue that the verdict should be set

aside because the jury's determination was against the weight of the evidence, specifically on the issue of notice. "It is well settled that in order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected" (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996] [citations omitted]; *see Lupi v Home Creators*, 265 AD2d 653 [1999], *lv denied* 94 NY2d 758 [2000]). "The standard to be employed on a motion to set aside a verdict is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Hess v Dart*, 282 AD2d 810, 811 [2001] [citations omitted]; *see Zeigler v Wolfert's Roost Country Club*, 291 AD2d 609, 610 [2002]). The jury's resolution of credibility issues should be accorded considerable deference (*see Zeigler v Wolfert's Roost Country Club, supra* at 610), and its verdict should be sustained even if other evidence would support a contrary result (*see Mannello v Town of Ulster, Post 1748, Am. Legion*, 272 AD2d 804, 805 [2000]). There was proof that defendants had notice of roof problems existing years earlier, as well as notice by plaintiff within the week prior to the ceiling collapsing, which provided adequate time for defendants to properly inspect and address the defect. As plaintiff is entitled to the benefit of every favorable inference reasonably drawn from the evidence presented at trial (*see Pyptiuk v Kramer*, 295 AD2d 768, 770 [2002]), this Court cannot conclude that the verdict was against the weight of the evidence. Defendants' reliance on *Pulley v McNeal* (240 AD2d 913 [1997]) is misplaced. In *Pulley*, no proof of notice in any form existed, there was no visible indication of a defect, there was no proof regarding the duration that any defect existed, and the plaintiff herself had no idea what caused the ceiling to fall (*id.*).

We also disagree with defendants' argument that the damages award should be set aside. A jury's determination on damages should not be set aside unless the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Laguesse v Storytown U.S.A.*, 296 AD2d 798 [2002]). As the medical experts offered differing opinions, one doctor testifying that plaintiff had fully recovered and another testifying that she would continue to experience cycles of remission then exacerbation of pain throughout her life, we cannot say the evidence so greatly favors the movant that the jury could not have reached its conclusion on any fair interpretation of the evidence (*see Marshall v Lomedico*, 292 AD2d 669, 670 [1996]; *Frasier v McIlduff*, 161 AD2d 856, 858 [1990]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, with costs.