■ Kyoung Ran Yoon et al., Plaintiffs, v Bonnie S. Rechler, Defendant, and Zachary R. Rechler et al., Appellants. (And Third-Party Titles.) (Action No. 1.) Hyung Kan Yoon et al., plaintiffs, v Bonnie S. Rechler et al., Defendants. (Action No. 2.) Country-Wide Insurance Company, as Subrogee of Ok Hyun et al., Respondent, v Bennett Rechler et al., Appellants. (Action No. 3.) [770 NYS2d 85]—

In three related actions, inter alia, to recover damages for personal injuries, etc., the defendants in Action No. 3 appeal, as limited by their brief and by letters dated January 24, 2003, and July 22, 2003, from so much of an interlocutory judgment of the Supreme Court, Queens County (Schulman, J.), dated August 19, 2002, as, upon a jury verdict, is against them on the issue of liability, and Zachary R. Rechler, a defendant in Action No. 1, also appeals from the interlocutory judgment.

Ordered that the appeal by Zachary R. Rechler is dismissed as withdrawn; and it is further,

Ordered that the interlocutory judgment is reversed insofar as appealed from in Action No. 3, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability in Action No. 3 in accordance herewith; and it is further,

Ordered that any award of costs is to abide the event of a new trial.

The Supreme Court erred in denying the request by the defendants in Action No. 3 to instruct the jury on the emergency doctrine. Bonnie Rechler testified that, while driving her vehicle in the right lane of Northern Boulevard in eastern Queens at a speed of between 30 and 35 miles per hour, the vehicle allegedly driven by Kyoung Ran Yoon, a plaintiff in Action No. 3, abruptly crossed into her lane about one car length in front of her in an attempt to make a right turn from the middle lane of the three-lane roadway. Ms. Rechler's vehicle collided with the Yoon vehicle. Where, as here, a reasonable view of the evidence establishes that an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, the reasonableness of that conduct in the face of the emergency is for the jury to determine (see *Kuci v Manhattan & Bronx Surface Tr. Operating Auth.*, 88 NY2d 923, 924 [1996]). Consequently, a new trial on the issue of liability in Action No. 3 is warranted.

In light of our determination, we do not reach the parties' remaining contentions. Prudenti, P.J., Smith, McGinity and Cozier, JJ., concur.