■ Kevin Postlethwaite, Individually and as Personal Representative of the Estate of Frances E. Postlethwaite, Deceased, Appellant, v United Health Services Hospitals, Inc., et al., Respondents. [773 NYS2d 480]—

Carpinello, J. Appeals (1) from three judgments of the Supreme Court (Monserrate, J.), entered August 6, 2002, August 23, 2002 and September 10, 2002 in Broome County, upon a dismissal of the complaint against defendants Marianne Soden-Serjanej, Steven Hassig and United Health Services Hospitals, Inc. at the close of plaintiff's case, (2) from two judgments of said court, entered September 17, 2002 and September 25, 2002 in Broome County, upon a verdict rendered in favor of defendants Julio Ospina and Michael J. Farrell, and (3) from an order of said court, entered September 3, 2002 in Broome County, which denied plaintiff's motion for, inter alia, reconsideration.

Plaintiff commenced this medical malpractice action to recover for the wrongful death of his wife, Frances E. Postlethwaite (hereinafter decedent), who had been admitted to a hospital in Broome County complaining of abdominal pain. Exploratory abdominal surgery was scheduled two days later. At the beginning of the procedure, but prior to the administration of anesthesia, decedent vomited into her oxygen mask. Her airway was cleared and surgery was performed, during which a bowel obstruction was found and resected without further incident. After surgery, however, she was unable to breathe on her own and died two weeks later. The cause of death was listed as "aspiration pneumonia."

Plaintiff commenced this action, individually and on behalf of decedent's estate, against defendant United Health Services Hospitals, Inc. (hereinafter UHSH), the operator of the hospital, and all of the physicians involved in her care. At trial, plaintiff's only medical expert, Mitchell Sosis, testified that decedent's death was caused by the aspiration of vomit prior to surgery. He faulted decedent's attending physician, surgeon and consulting gastroenterologist for allowing decedent to consume liquids prior to surgery since, in his view, the surgery was foreseeable. He also faulted UHSH's nursing staff for failing to record the precise quantity of fluids that decedent had consumed. He also blamed decedent's surgeon and anesthesiologist for failing to insert a nasogastric tube prior to surgery to empty her stomach. According to Sosis, each of these deviations from the relevant standards of care combined to cause the presurgery aspiration that later proved fatal.

At the close of plaintiff's proof, defendants moved for directed verdicts. Relying on the testimony of decedent's surgeon and anesthesiologist that they had treated decedent as though she had a full stomach, Supreme Court found that the acts of these two physicians severed the connection between decedent's alleged aspiration and any claimed malpractice by the other three defendants—UHSH, the attending physician and the gastroenterologist—and, thus, granted the motions dismissing the complaint as to those three defendants. The remaining two defendants, namely, the surgeon and anesthesiologist, in defense offered the testimony of two medical experts, anesthesiologist Peter Kane and surgeon William Marx, who challenged the assumption that decedent had aspirated vomit prior to surgery and opined that these defendants' failure to insert a nasogastric tube prior to induction of anesthesia was not a deviation from their respective standards of care. The jury subsequently returned a verdict in favor of the surgeon and the anesthesiologist, and Supreme Court denied plaintiff's motion to set it aside and to reargue the motions for directed verdicts. Plaintiff appeals, and we now affirm.

We begin with the jury verdicts in favor of the surgeon and the anesthesiologist. Plaintiff argues that Supreme Court erred by refusing to set aside these verdicts. We disagree. While it is true that Sosis's expert testimony raised questions as to whether the surgeon and/or the anesthesiologist should have inserted a nasogastric tube prior to the induction of anesthesia, defendants and their medical experts opined otherwise. Given this conflict in the credible medical evidence, we cannot say that there is no valid line of reasoning which could have led the jury to its conclusion that these physicians did not deviate from the relevant standards of care (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Nor can we say that these jury findings could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 132-137 [1985]). In this regard, we also note that plaintiff's challenge to Supreme Court's jury charge was waived by his failure to object to the charge or the verdict sheet before the jury began its deliberations (*see De Long v County of Erie*, 60 NY2d 296, 306 [1983]; *Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002]; *see also* CPLR 4110-b) and we see no error warranting the exercise of our discretion to order a new trial in the interest of justice (*see Pyptiuk v Kramer, supra* at 771; *Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499, 500-501 [1986]).

We turn next to plaintiff's challenges to the directed verdicts

in favor of UHSH, decedent's attending physician and her gastroenterologist. To establish medical malpractice on the part of these defendants, plaintiff was required to show that they "deviated or departed from acceptable medical practice *and* that such departure was a proximate cause of injury or damage" (*Giambona v Stein*, 265 AD2d 775, 776 [1999] [emphasis in original]; *see Schuller v Martinelli*, 304 AD2d 967, 968 [2003], *lv denied* 100 NY2d 509 [2003]; *Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 918 [2000], *lv denied* 95 NY2d 751 [2000]). He attempted to do so here by offering the expert testimony of Sosis, a board-certified anesthesiologist, who opined that these defendants deviated from accepted medical practice with regard to decedent's fluid intake prior to surgery and that decedent's fluid consumption caused her to aspirate. However, in light of the testimony of the surgeon and the anesthesiologist that decedent was operated upon as though she had a full stomach, plaintiff failed to establish that these alleged deficiencies were a proximate cause of her death.

Plaintiff also contends that Supreme Court improperly limited Sosis's expert testimony when it ruled that he had insufficient expertise in the fields of gastroenterology and general surgery to support certain opinions regarding the treatment rendered by the physicians who practiced in those respective areas. While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field (*see Fuller v Preis*, 35 NY2d 425, 431-433 [1974]; *Payant v Imobersteg*, 256 AD2d 702, 704-705 [1998]), the witness nonetheless "should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (*Matter of Enu v Sobol*, 171 AD2d 302, 304 [1991]; *see Matott v Ward*, 48 NY2d 455, 459 [1979]).

In this case, Sosis testified that his expertise is limited to anesthesiology and pharmacology, and Supreme Court properly permitted him to testify regarding certain accepted medical practices in the fields of internal medicine, gastroenterology, general surgery and nursing based upon his medical training, a year-long residency in internal medicine and, most notably, his experience interacting with these professionals in the course of his anesthesiology practice. Plaintiff, however, also sought to elicit testimony as to whether the surgeon and gastroenterologist properly diagnosed and treated decedent based upon accepted diagnostic practices in their respective fields. We agree with Supreme Court's ruling that Sosis did not exhibit the knowledge and expertise required to render opinions as to these

particular issues and, thus, the limitations on Sosis's testimony were warranted.

In light of our determinations herein, plaintiff's remaining claim regarding the vicarious liability of UHSH is academic.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgments and order are affirmed, with one bill of costs.