■ MICHELE BRACO, Appellant, v OCB RESTAURANT COMPANY, Respondent. [773 NYS2d 470]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Hester, Jr., J.), entered November 4, 2002 in Broome County, upon a verdict rendered in favor of defendant, and (2) from an order of said court, entered December 3, 2002 in Broome County, which denied plaintiff's motion to set aside the verdict.

Plaintiff was a customer in defendant's buffet-style restaurant. As plaintiff rounded the beverage bar to get herself a drink, she encountered an employee restocking glasses in front of her. While going around the employee, plaintiff fell over trays of glasses in the walkway, sustaining injuries. At the close of trial in plaintiff's negligence action, the jury returned a verdict finding defendant not negligent. Plaintiff unsuccessfully moved to set aside the verdict on the grounds that it was against the weight of the evidence and that Supreme Court refused to issue a clarifying jury instruction. Plaintiff appeals.

Supreme Court properly refused to clarify the jury instructions as requested by plaintiff. The relevant portion of the contested instruction indicated how the jury should proceed: "If you [the jury] find that an unsafe condition was readily observable by plaintiff employing reasonable use of her senses . . . ." Plaintiff's requested clarification was to add "from her vantage point prior to the fall." This addition was unnecessary because the charge, referring specifically to plaintiff and not some amorphous person of unknown characteristics, was not confusing.

The verdict was not against the weight of the evidence. Giving great deference to a jury's interpretation of evidence, the standard is whether the evidence so preponderates in favor of plaintiff that no fair interpretation of the evidence could lead to the result reached by the jury (see *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Pyptiuk v Kramer*, 295 AD2d 768, 770 [2002]; *Durkin v Peluso*, 184 AD2d 940, 940-941 [1992]). A jury must determine the factual issue of whether a defendant breached its duty (see *Tagle v Jakob*, 97 NY2d 165, 168 [2001]). Conflicting testimony simply creates questions of credibility for the jury (see *Pyptiuk v Kramer, supra* at 771), which may draw reasonable inferences from the evidence (see *Durkin v Peluso, supra* at 941). Here, giving defendant "the benefit of every favorable inference reasonably drawn from the facts adduced at trial" (*Pyptiuk v Kramer, supra* at 770), the jury could reasonably have found from both the direct and circumstantial evidence that defendant's employee used a rolling cart, which was stacked waist high with trays, and was placed up against the beverage bar for the few moments it took to restock. Considering this plausible version of the evidence, it would not be unreasonable for the jury to conclude that defendant did not create a dangerous condition. As the jury's verdict was supported by the evidence, Supreme Court did not abuse its discretion in denying plaintiff's motion for a new trial (see CPLR 4404 [a]).

Crew III, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, with costs.