■ JEANETTE MACRI, Individually and as Administrator of the Estate of JOHN J. MACRI, Deceased, Appellant, v JEFFREY SMITH, Also Known as JEFFREY R. SMITH, et al., Respondents. [804 NYS2d 474]—

Peters, J. Appeal from an order and judgment of the Supreme Court (Spargo, J.), entered February 9, 2005 in Albany County, upon a verdict rendered in favor of defendants.

Plaintiff and her now deceased husband, derivatively, commenced this negligence action against defendants, owners and operators of a tavern located in the City of Albany, due to the injuries she sustained when she tripped and fell down an interior stairway in the tavern. In January 2005, a jury rendered a verdict in favor of defendants and plaintiff unsuccessfully moved to set aside the verdict (see CPLR 4404 [a]). This appeal ensued.

Having previously reviewed this matter when we affirmed the denial of defendants' motion for summary judgment (12 AD3d 896 [2004]), we recount only those facts relevant to this appeal. "Giving great deference to a jury's interpretation of evidence, the standard is whether the evidence so preponderates in favor of plaintiff that no fair interpretation of the evidence could lead to the result reached by the jury" (Braco v OCB Rest. Co., 5 AD3d 920, 921 [2004]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Pyptiuk v Kramer, 295 AD2d 768, 770 [2002]; Durkin v Peluso, 184 AD2d 940, 940-941 [1992]). Here, there was sufficient evidence from which the jury could have concluded that the three factors deemed critical by plaintiff, to wit, the lack of a handrail, the dim lighting at the bottom of the stairway and defendants' failure to provide color contrast at the edges of the carpet on the stairs, did not create a defective condition. Plaintiff testified that she was aware that there was no handrail before her fall and never testified that she reached for a railing to mitigate her fall. Plaintiff's expert testified that while the current state building code would require at least one handrail for a similar stairway, defendants' building is exempt

from compliance with that code due to the age of the building and its lack of substantial renovations. Plaintiff's expert also testified that while it was common practice to contrast the edges of a carpet on a stairway, it is not required by any code. Finally, plaintiff, her supervisor, and plaintiff's expert all agreed that the top step was visible from where plaintiff was standing, despite these conditions. According to plaintiff, her fall was occasioned while she was engaged in a conversation with her supervisor who was walking behind her. With defendant "entitled to the benefit of every favorable inference reasonably drawn from the facts adduced at trial" (*Pyptiuk v Kramer, supra* at 770; *see Holbrook v Jamesway Corp.*, 172 AD2d 910, 911 [1991]), Supreme Court properly declined to disturb the verdict (*see Braco v OCB Rest. Co., supra* at 921).

Even if the jury had found a defective condition, it could have reasonably concluded, from its fair interpretation of the evidence, that defendants lacked notice. Defendants never received a complaint from any building inspector that the tavern was not in compliance with applicable codes or regulations and no prior lawsuits or complaints had ever been initiated, despite testimony that approximately 100 people utilized that stairway daily for a decade. Plaintiff's remaining contentions are not adequately preserved (*see People v Slater*, 13 AD3d 732, 734 [2004], *lv denied* 4 NY3d 803 [2005]).

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the order and judgment is affirmed, with costs.