Kabir v Yousuf (2019 NY Slip Op 04684)





Kabir v Yousuf


2019 NY Slip Op 04684


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-10101
 (Index No. 509079/14)

[*1]Mohammed Kabir, et al., plaintiffs-respondents,
v
Mohammad Yousuf, appellant, Richard Norfleet, Jr., et al., defendants-respondents.


Richard M. Sands P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellant.
Rosenberg, Minc, Falkoff & Wolf, LLP, New York, NY (Jesse M. Minc of counsel), for plaintiffs-respondents.
James G. Bilello (Russo & Tambasco, Melville, NY [Susan J. Mitola and Caner Demirayak], of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Mohammad Yousuf appeals from an interlocutory judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered September 11, 2017. The interlocutory judgment, upon a jury verdict on the issue of liability, is in favor of the plaintiffs and against that defendant on the issue of liability.
ORDERED that the interlocutory judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability, and thereafter for a trial on the issue of damages, if warranted.
The plaintiff Mohammed Kabir (hereinafter the injured plaintiff) allegedly was injured in an automobile accident that occurred on August 7, 2014, at approximately 1:15 a.m. At the time of the accident, the injured plaintiff was a passenger in a vehicle operated by the defendant Mohammad Yousuf (hereinafter the Yousuf vehicle). The Yousuf vehicle came into contact with the rear of a vehicle operated by the defendant Richard Norfleet, Jr. (hereinafter the Norfleet vehicle). Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action.
At a jury trial on the issue of liability, the injured plaintiff and Yousuf testified that the Norfleet vehicle changed lanes from the left lane into the middle lane, where the Yousuf vehicle was traveling. According to Yousuf, he drove for approximately five seconds behind the Norfleet vehicle and then the Norfleet vehicle "suddenly stopped." Norfleet testified that he had changed lanes after he observed "six to seven mattresses sprawled all over the highway." The mattresses were "obstructing the entire road." Norfleet also testified that he "began to slow down because there was no way around this."
The Supreme Court denied a request by Yousuf and Norfleet to instruct the jury on the emergency doctrine. The jury found in favor of the plaintiffs and against Yousuf on the issue of [*2]liability, and an interlocutory judgment was entered upon the jury verdict. Yousuf appeals.
"Viewing the evidence, as we must, in the light most favorably towards giving the requested emergency doctrine instruction to the jury" (Rivera v New York City Tr. Auth., 77 NY2d 322, 326), we agree with Yousuf that the Supreme Court should not have denied his request. "A party requesting the emergency instruction is entitled to have the jury so charged if some evidence of a qualifying emergency is presented" (id. at 327). Where some reasonable view of the evidence establishes that an actor was confronted by a sudden and unforeseen occurrence not of the actor's own making, then the reasonableness of the conduct in the face of the emergency is for the jury (see Kuci v Manhattan & Bronx Surface Tr. Operating Auth., 88 NY2d 923, 924; Rivera v New York City Tr. Auth., 77 NY2d at 327). There was evidence proffered at the trial that the Norfleet vehicle crossed into the lane in which the Yousuf vehicle was traveling, that the Norfleet vehicle suddenly stopped or slowed down because of debris, namely six or seven mattresses strewn all over the roadway, and that the Yousuf vehicle struck the Norfleet vehicle in the rear. The reasonableness of Yousuf's conduct in the face of this emergency was for the jury to determine (see Kyoung Ron Yoon v Rechler, 2 AD3d 690, 691; Barath v Marron, 255 AD2d 280; see also Wu Kai Ming v Grossman, 133 AD3d 742, 743).
In light of our determination, we do not reach Yousuf's remaining contention.
Accordingly, we reverse the interlocutory judgment, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability, and thereafter for a trial on the issue of damages, if warranted.
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court