■ JOHN SALVADOR, JR. et al., Appellants-Respondents, v UNCLE SAM'S AUCTIONS & REALTY, INC., By and Through its Officer, RALPH F. PASSONNO, JR., Respondent-Appellant. [763 NYS2d 360] —Lahtinen, J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered October 5, 2002 in Rensselaer County, which, inter alia, partially granted defendant's motion for summary judgment.

Defendant provided plaintiffs with a proposed contract in which it offered, in exchange for certain commissions, to market, auction and, if necessary, broker the sale of four tracts of real property owned by plaintiffs on Lake George in the Town of Queensbury, Warren County. After plaintiffs consulted with their attorney, who drafted addenda, the parties signed an agreement. Tract one contained 13 acres and a lodge, tract two was 116 acres of vacant land, tract three included a marina on six acres, and tract four consisted of six subdivided one-third acre parcels. The agreement provided for a minimum sale price for the entire property of $2,500,000 if sold at auction and $2,750,000 if sold after the auction.

At the auction, bids were elicited both for various combinations of the tracts and for the entire parcel. The highest bid on a combination of tracts one, two and four was $1,765,000 and the highest bid on the entire parcel was $2,640,000. During an adjournment of the auction, plaintiffs met with Ralph F. Passonno, Jr., president of defendant. Although plaintiffs were ostensibly satisfied with the amount offered for tracts one, two and four, they felt that the tract containing the marina could be sold separately for more than the difference between the two pending high bids (i.e., $875,000). Thus, plaintiffs elected to accept the bid on tracts one, two and four and withdrew tract three from the auction. According to Passonno, he unequivocally informed plaintiffs that, by obtaining a bid for the entire parcel in excess of $2,500,000, defendant had earned a 10% commission on the entire sale and plaintiffs would be so charged even if they withdrew tract three. Plaintiffs, however, contend that Passonno acquiesced to their withdrawing tract three from the auction.

The closings eventually occurred on tracts one, two and four and, in addition to commissions on those tracts, defendant withheld an additional $87,500, representing the commission it claimed it had earned on the tract that plaintiffs withdrew from the auction. Plaintiffs eventually commenced this action setting forth seven causes of action alleging various theories of liability. Defendant asserted a counterclaim in its answer for counsel fees as purportedly permitted under the parties' contract. Thereafter, defendant moved for summary judgment dismissing the complaint and awarding it counsel fees. In a thorough decision, Supreme Court dismissed six of plaintiffs' causes of action, but found—with respect to the first cause of action—questions of fact as to whether defendant had consented to plaintiffs' withdrawal of tract three from the auction. Both parties appeal.

We affirm. Plaintiffs premised their second cause of action upon alleged violations of the UCC and Banking Law. They failed, however, to establish with their conclusory allegations in that cause of action any viable fashion in which this contract for auction services in selling primarily real property implicated those alleged statutes (*see Ahlstrom Mach. v Associated Airfreight*, 251 AD2d 852, 854 [1998]). Moreover, as discussed by Supreme Court, some of plaintiffs' causes of action were merely duplicative and other causes of action, which were based on fraud, were insufficient since "[i]t is well settled that a cause of action for fraud does not arise where, as here, the fraud alleged relates to a breach of contract" (*Fourth Branch Assoc. Mechanicville v Niagara Mohawk Power Corp.*, 235 AD2d 962, 963 [1997]; *see Brumbach v Rensselaer Polytechnic Inst.*, 126 AD2d 841, 843 [1987]). Based upon our review of Supreme Court's dismissal of causes of action two through seven, we find no reversible error.

Supreme Court correctly concluded that issues of fact preclude judgment as a matter of law on the first cause of action. The evidence must, of course, be viewed in the light most favorable to the nonmovant and the court's role is limited to finding, not determining, issues in a motion for summary judgment (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Schaufler v Mengel, Metzger, Barr & Co.*, 296 AD2d 742, 743 [2002]). The contract provides for defendant to earn a commission if a purchaser is found and then the property is withdrawn "without the consent of the broker." Here, there is a factual dispute set forth in the parties' affidavits regarding what occurred when plaintiffs discussed with Passonno withdrawing tract three and, specifically, as to whether Passonno acquiesced to such action.

Defendant's contention that it is entitled to counsel fees for getting six of the seven causes of action dismissed is meritless. Since one of plaintiffs' causes of action remains for trial, it is premature to determine whether counsel fees are appropriate under the relevant provision of the contract, which requires—at a minimum—successful disposition of the action. The remaining arguments have been considered and found unpersuasive.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.