■ UMBERTO PAGNOTTA et al., Appellants, v RONALD DIAMOND, Respondent. [857 NYS2d 773]—

Malone Jr., J. Appeals from two judgments of the Supreme Court (Doyle, J.), entered November 28, 2006 in Schoharie County, upon a verdict rendered in favor of defendant.

Plaintiffs and defendant, once friends, own homes near each other in the Town of Richmondville, Schoharie County. Over the years, plaintiffs filed numerous complaints with the Town Board and state agencies concerning defendant's use of his property, which were determined to be unfounded. On July 8, 2004, following a Town Board meeting addressing another one of plaintiffs' complaints, plaintiffs and defendant became involved in a physical altercation. As a result of injuries sustained during the altercation, plaintiffs commenced this action against defendant for assault and battery, and sought compensatory as well as punitive damages. Defendant, in turn, served an answer with counterclaims against plaintiffs for assault and also sought compensatory and punitive damages. Following a trial, the jury rendered a verdict in favor of defendant absolving him of liability to plaintiffs and sustaining his counterclaims. The jury awarded him $3,000 in compensatory damages for pain and suffering, $5,000 in punitive damages attributable to the actions of plaintiff Umberto Pagnotta and $2,000 in punitive damages attributable to the actions of plaintiff Theresa Pagnotta. Plaintiffs subsequently moved, among other things, to set aside the verdict. Supreme Court denied the motion and plaintiffs now appeal from the judgments rendered upon the jury verdict.

Among their many arguments, plaintiffs contend that Supreme Court erroneously failed to charge the jury on the burden of proof with respect to defendant's counterclaims and that this seriously prejudiced the verdict. Plaintiffs concede that this contention is unpreserved due to their failure to request such an instruction or to object at trial (*see* CPLR 4110-b; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 22 AD3d 975, 976 [2005]). Nevertheless, "this Court may order a new trial in its discretion upon an unpreserved error in a jury instruction when that error is fundamental" (*Antokol & Coffin v Myers*, 30 AD3d 843, 847 [2006]). More particularly, a new trial is warranted where the error is " 'so significant that the jury was prevented from fairly considering the issues at trial' " (*Pyptiuk v Kramer*, 295 AD2d 768, 771 [2002], quoting *Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]).

In the case at hand, Supreme Court properly instructed the jury on the burden of proof borne by plaintiffs on their causes of action in accordance with the pattern jury instructions (*see*

PJI 1:23). The court neglected, however, to provide a similar instruction regarding the burden of proof borne by defendant on his counterclaims even though the pattern jury instructions indicate that such an instruction was appropriate (*see* NY PJI 1:60, Comment). By failing to provide an instruction on the burden of proof with respect to defendant's counterclaims, the court effectively foreclosed the jury from evaluating the evidence in accordance with the proper legal standard (*compare Nestorowich v Ricotta*, 97 NY2d 393, 401 [2002]). In view of this, and given the sharply conflicting testimony in which each party claimed that the other initiated the altercation, we are of the view that such omission confused the jury and prevented it from fairly considering the evidence as it related to the parties' respective causes of action. Accordingly, notwithstanding the lack of preservation, we find that a new trial is warranted. In light of our disposition, we need not address plaintiffs' remaining claims.

Peters, J.P., Carpinello, Kane and Stein, JJ., concur. Ordered that the judgments are reversed, on the facts, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.