PAMELA SISSON et al., Appellants, v JAMES W. ALEXANDER, M.D., Respondent. (Appeal No. 2.) [871 NYS2d 527]—

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Pamela Sisson (plaintiff) during an endometrial resection surgery performed by defendant. The evidence presented at trial established that, during the surgery, defendant observed bleeding in the area of the cervix that is adjacent to the uterus. Defendant engaged in various efforts to eliminate the bleeding and, after determining that it had stopped, he released plaintiff to a recovery room. A CT scan performed shortly thereafter indicated that plaintiff had a large retroperitoneal bleed. Complications from the hematoma that formed in plaintiff's retroperitoneal cavity as a result of the bleed later required plaintiff to undergo a hysterectomy, and she experienced other medical difficulties as well. At the close of proof, the jury returned a verdict finding that defendant was not negligent in his care and treatment of plaintiff and that defendant did not deviate from accepted practice.

Plaintiffs contend that Supreme Court erred in denying their motion to set aside the verdict in favor of defendant as against

the weight of the evidence and for a new trial. We reject that contention. The parties presented conflicting expert testimony concerning defendant's alleged negligence, and we conclude that " ' the verdict is one reasonable persons could have rendered after receiving conflicting evidence' " (*Mascia v Olivia*, 299 AD2d 883, 884 [2002]). Indeed, "it was 'for the jury to weigh the conflicting medical evidence and credit the opinion of one expert over that of another,' " and it cannot be said that there is no fair interpretation of the evidence to support the jury's verdict (*id.*).

Contrary to the further contention of plaintiffs, they were not denied a fair trial by the alleged prejudicial effect of limited testimony concerning defendant's general reputation in the community. Plaintiffs "failed to establish that [such] limited testimony divert[ed] the jurors' attention from the issues to be determined, or otherwise deprived [plaintiffs] of a fair trial" (*Coogan v Torrisi*, 47 AD3d 669, 669-670 [2008] [internal quotation marks omitted]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.