■ MARK BECK, Appellant, v SPINNER'S RECREATIONAL CENTER, INC., Doing Business as ISLAND FUN CENTER, et al., Respondents. [912 NYS2d 364]—

Appeal from a judgment of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered December 10, 2008 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting plaintiff's post-trial motion and setting aside the verdict with respect to damages for past and future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past and future pain and suffering only unless defendants, within 30 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $30,000 and for future pain and suffering to $60,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when an employee of respondent Spinner's Recreational Center, Inc., doing business as Island Fun Center, was refueling a go-cart that had stalled and both the go-cart and plaintiff caught fire. Plaintiff jumped from the go-cart and rolled on the ground in an attempt to extinguish the fire. According to plaintiff, he sustained burn injuries as well as injuries to his cervical spine. At the commencement of the trial on the issue of damages, Supreme Court informed the jury that "the question of liabilities has already been established." Following the trial on damages, the jury awarded plaintiff, inter alia, $15,000 for past pain and suffering, covering approximately three years, and $20,000 for future pain and suffering, covering 35.4 years. Plaintiff contends that Supreme Court erred in denying his post-trial motion, in which he asserted that the awards for past and future pain and suffering are inadequate. We agree.

Although defendants did not dispute causation insofar as it related to the burn injuries, they contended that the incident did not cause plaintiff's spinal injuries. Contrary to plaintiff's contention, we conclude based on the evidence presented at trial that the jury was entitled to credit the testimony of defendants' expert over that of plaintiff's experts in determining that the spinal injuries were not caused by the incident (*see generally Sisson v Alexander,* 57 AD3d 1483, 1484 [2008], *lv denied* 12 NY3d 709 [2009]).

With respect to the burn injuries, plaintiff sustained first and second degree burns to approximately three to four percent of his neck, back and chest. Plaintiff testified that, immediately after the incident, he was in "unbearable" pain, but he was treated at a local hospital where he was given pain medication and his burns were dressed. Plaintiff was released within hours, but he returned several days later for removal of the dead skin.

In removing the skin, a nurse scrubbed plaintiff's neck with a steel-bristled brush for "approximately 15 to 20 minutes." Plaintiff again testified that the pain was "unbearable." It is undisputed that plaintiff developed several keloids in the area of the burns, although photographs taken shortly before trial and admitted in evidence at trial establish that cortisone shots had reduced the size of the keloids. At trial, plaintiff testified that the burn areas were still painful, that they were sensitive to touch and cold weather, and that there was a general tightness in the burn area. He also testified that the scars caused him embarrassment when his neck was exposed. Based on our review of the record of the trial on damages, we conclude that the awards for past and future pain and suffering deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Paruolo v Yormak*, 37 AD3d 794 [2007]). We therefore modify the judgment accordingly, and we grant a new trial on damages for past and future pain and suffering only unless defendants, within 30 days of service of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $30,000 and for future pain and suffering to $60,000, in which event the judgment is modified accordingly.

Finally, plaintiff failed to preserve for our review his contention that the jury was substantially confused as a result of the court's response to a jury note during deliberations (*see* CPLR 4110-b; *Kayser v Sattar*, 57 AD3d 1245, 1247 [2008]; *Wagner Trading Co. v Walker Retail Mgt. Co.*, 307 AD2d 701, 704 [2003]). Although " 'this Court may order a new trial in its discretion upon an unpreserved error in a jury instruction when that error is fundamental' " (*Kayser*, 57 AD3d at 1247), we conclude that there was no fundamental error here (*cf. id.* at 1247-1248; *Wagner Trading Co.*, 307 AD2d at 704). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.