*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    518898
_____

NEW YORK STATE WORKERS'
    COMPENSATION BOARD, as
    Administrator of the
    Workers' Compensation Law
    and Attendant Regulations,
    and as Successor in                    MEMORANDUM AND ORDER
    Interest to THE BUILDERS'
    SELF-INSURANCE TRUST,
                    Appellant,
        v

MARSH U.S.A., INC., et al.,
                    Respondents,
                    et al.,
                    Defendants.
_____

Calendar Date:  January 8, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Lynch, JJ.

                    _____


        Annette M. Hollis, New York State Workers' Compensation
Board, Schenectady (Michael Papa of counsel), for appellant.

        Dentons U.S., LLP, New York City (Sandra D. Hauser of
counsel), for Marsh U.S.A., Inc., respondent.

        Damon Morey LLP, Buffalo (Vincent G. Saccomando of
counsel), for Joseph McIvor, respondent.

        John J. Fromen Jr., Buffalo, for Howard Zubin, respondent.

                    _____

Peters, P.J.

Appeal from an order of the Supreme Court (Platkin, J.), entered October 18, 2013 in Albany County, which partially granted certain defendants' motions to dismiss the complaint against them.

By a 1998 agreement and declaration of trust (hereinafter the Trust agreement), The Builders' Self-Insurance Trust (hereinafter the Trust) was formed by defendants Joseph McIvor, Richard Bergman and Howard Zubin, as trustees, to act as a group self-insurance trust, providing mandated workers' compensation insurance to its members, who are employers in the construction industry within New York (see Workers' Compensation Law § 50 [3-a]; 12 NYCRR 317.2 [i]; 317.3). Defendants Joseph Guida, Barrett Greene and Philip LaRocque also served as trustees of the Trust at various times. Defendant Marsh U.S.A., Inc. became administrator for the Trust in 2001 and the record contains two subsequent written administration agreements between the parties, one effective from January 1, 2006 to September 30, 2006 and the other effective from October 1, 2007 to September 30, 2008 (hereinafter the October 2007 agreement).

In October 2006, after the Trust had been operating at a deficit for several years, plaintiff and the trustees entered into a consent agreement, the purpose of which was to create a financial structure through which the Trust would operate at a break-even point or better for the 2007 fiscal year and beyond. Despite the agreement, it was subsequently determined that the Trust would not reach break-even rates and the parties agreed that the Trust would cease offering coverage as of September 30, 2007. Plaintiff assumed administration of the Trust effective May 1, 2009 pursuant to 12 NYCRR 317.20.[1]

---

[1] At that time, the Trust was still underfunded and had less than six months worth of assets available to pay claims and expenses. A subsequent independent deficit reconstruction and assessment reflects that the Trust's gross deficit was approximately $20.4 million as of 2010.

On November 30, 2012, plaintiff commenced this action in its capacity as the governmental entity charged with the administration of the Workers' Compensation Law and attendant regulations, and as successor in interest to the Trust, alleging claims for breach of contract and fraud against the trustees, and claims for breach of contract and unjust enrichment against Marsh.[2]  Thereafter, Supreme Court dismissed the complaint against Greene on statute of limitations grounds, and dismissed the complaint against LaRocque on jurisdictional grounds.[3]  Supreme Court also granted the motions of Zubin and McIvor to dismiss plaintiff's fraud cause of action in its entirety as against them, but denied their motions to dismiss the breach of contract cause of action.

As to Marsh, Supreme Court partially granted its motion to dismiss, by dismissing the portions of the breach of contract and unjust enrichment claims that alleged damages prior to November 30, 2006 as time-barred by the applicable statute of limitations.[4]  The court further dismissed plaintiff's breach of contract claims related to the time period of November 2006 to September 30, 2007, finding no evidence of an agreement between the parties during that time period.  The court, however, denied Marsh's motion to dismiss plaintiff's claim related to allegations that Marsh improperly set annual member premiums during the period of time covered by the October 2007 agreement.  As to plaintiff's cause of action for unjust enrichment, the

---

[2]  Plaintiff seeks damages in the amount of $20,378,349 from the trustees, and in the amount of $20,085,973 from Marsh as to its breach of contract claim and $2,171,624 as to its claim for unjust enrichment.

[3]  Plaintiff does not appeal the dismissal of the complaint against Greene and LaRocque.

[4]  Plaintiff does not take issue with the partial dismissal of the claims on statute of limitation grounds and, thus, has abandoned any argument related to claims accrued prior to November 2006 (see HSBC Bank USA, N.A. v Ashley, 104 AD3d 975, 975 n [2013], lv dismissed 21 NY3d 956 [2013]).

court dismissed the portions of the complaint that alleged unjust enrichment during the time period of the October 2007 agreement, but denied the motion to dismiss as it pertained to the time period between November 2006 and September 2007, as well as the period after the October 2007 agreement expired until May 2009, when plaintiff took over administration of the Trust. Plaintiff now appeals.

We reject plaintiff's contention that Supreme Court erred in dismissing the fraud cause of action as it relates to claims brought against Zubin and McIvor on behalf of the Trust members. As the Trust's successor, "plaintiff stands in the shoes of the Trust, but, like an assignee, does not obtain any greater rights than those originally possessed" (State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d 1022, 1024 [2014]). Plaintiff cites to no authority in the Trust agreement, Trust rules and regulations or the indemnity agreement under which, as the Trust's successor, it could bring an action on behalf of the Trust's members. Nor does it have such authority in its capacity as the governmental entity charged with the administration of the Workers' Compensation Law.[5] Accordingly, Supreme Court properly dismissed plaintiff's claims brought on behalf of the Trust members.

---

[5] Members of the Trust and plaintiff may each bring a cause of action against the trustees for the funding deficits under these circumstances, given the trustees' common-law duty to the members and plaintiff to maintain adequate reserves in the Trust (see 12 NYCRR 317.9; State of N.Y. Workers' Compensation Bd. v Madden, 119 AD3d at 1025; Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1258-1259 [2013]). Notably, both by statute and the terms of the Trust agreement, members are jointly and severally liable for all liabilities of the Trust, including funding deficits, and plaintiff may levy assessments against the members in order to make up the deficiency (see Workers' Compensation Law § 50 [3-a] [3]; State of N.Y., Workers' Compensation Bd. v A & T Healthcare, LLC, 85 AD3d 1436, 1437 [2011]).

As to plaintiff's remaining fraud claims brought on behalf of the Trust itself, the elements of a fraud claim are "a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]; accord Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; DerOhannesian v City of Albany, 110 AD3d 1288, 1292 [2013], lv denied 22 NY3d 862 [2014]).  In the complaint, plaintiff alleged that the trustees falsely represented that they were capable of managing the Trust funds and overseeing the administration of the Trust and that Zubin and McIvor, as officers of the third-party Niagara Frontier Builders' Association (hereinafter NFBA), received compensation for performing their duties as trustees in the form of commissions paid to the NFBA for every member of NFBA who joined the Trust, despite the specific representation in the Trust agreement that the trustees were not to be compensated.  Significantly, plaintiff likewise contends in its breach of contract claim that the trustees failed to perform their duties, or negligently and improperly performed their duties, under the Trust agreement and failed to prevent inherent conflicts of interest.  Inasmuch as a cause of action for fraud does not arise where the "alleged fraud relates directly to plaintiff's cause of action for breach of contract" (Brumbach v Rensselaer Polytechnic Inst., 126 AD2d 841, 843 [1987]; see Kosowsky v Willard Mtn., Inc., 90 AD3d 1127, 1129 [2011]; Salvador v Uncle Sam's Auctions & Realty, 307 AD2d 609, 611 [2003], lv dismissed 1 NY3d 566 [2003]), Supreme Court properly dismissed this portion of the fraud claim as being directly related to plaintiff's breach of contract claim. Finally, plaintiff's allegation that McIvor committed fraud by directing the Trust's bank to release NFBA property being held as collateral against a $750,000 line of credit, which was acting as a security deposit made by the Trust pursuant to Workers' Compensation Law § 50 (3-a) (2) (b), does not allege any false misrepresentation or material omission of fact made to the Trust (see Mariano v Fiorvante, 118 AD3d 961, 962 [2014]).  Therefore, dismissal of this part of the fraud claim was also proper.

Turning to plaintiff's breach of contract cause of action, the issues on appeal are limited to the dismissal of the complaint as it relates to allegations that Marsh improperly calculated member premiums by failing to adjust each member's experience modification rate and by providing improper discounts, and was derelict in its duty to evaluate new membership applications. Inasmuch as the record reflects that member discounts were discontinued in October 2006, Supreme Court properly dismissed this claim. Further, plaintiff's claim that Marsh breached its contractual duty to evaluate new membership applications under the October 2007 agreement was also properly dismissed, inasmuch as the terms of that agreement did not require Marsh to make such evaluations.

Supreme Court also dismissed plaintiff's claim that Marsh breached a contractual duty to evaluate new membership applications and to adjust member experience modification rates and calculate premiums accordingly during the time period of November 2006 to October 2007, citing the lack of an agreement between the parties for that time. Notably, although Marsh argued before Supreme Court and this Court that there was no agreement concerning that time period, Marsh has subsequently informed this Court that such a written agreement has been discovered.[6] In light of this information, dismissal of these claims for lack of an agreement is improper (see CPLR 3211 [a] [1], [7]). Finally, Supreme Court properly dismissed plaintiff's cause of action for unjust enrichment based upon damages allegedly occurring during the time period covered by the October 2007 agreement (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; M/A-Com, Inc. v State of New York, 78 AD3d 1293, 1293-1294 [2010]).

---

[6] To the extent that a gap of one month – September 2007 – may exist between the end of this newly-discovered agreement and the October 2007 agreement, we cannot conclude, as a matter of law, that no implied contract existed for that brief time period (see Matter of Pache v Aviation Volunteer Fire Co., 20 AD3d 731, 732-733 [2005], lv denied 6 NY3d 705 [2006]; Matter of Boice, 226 AD2d 908, 910 [1996]).

Lahtinen, McCarthy and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted that part of the motion by defendant Marsh U.S.A., Inc. to dismiss the breach of contract claim that alleged a failure to properly adjust experience modification rates and calculate member premiums from November 30, 2006 to October 1, 2007; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court