*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                521166
_____

NORTHEAST UNITED CORPORATION,
                    Appellant,

          v                              MEMORANDUM AND ORDER

JAMES LEWIS et al.,
                    Respondents.
_____

Calendar Date:  January 5, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        McDonough & Artz, PC, Binghamton (Philip J. Artz of
counsel), for appellant.

        Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of
counsel), for respondents.


                    _____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Reynolds
Fitzgerald, J.), entered May 18, 2015 in Broome County, which,
among other things, granted a motion by defendants James Lewis
and Robert Hall to dismiss the complaint against them.

        Plaintiff, a general contractor, and defendant James L.
Lewis, Inc. (hereinafter Lewis, Inc.), a plumbing subcontractor,
contracted for Lewis, Inc. to provide and install various
apparatuses as part of a construction project.  Thereafter,
plaintiff commenced this action for breach of contract against
Lewis, Inc. and fraud against defendants James Lewis and Robert
Hall, the respective president and vice-president of Lewis, Inc.,
alleging damages based on the further allegations that Lewis,
Inc. had used improper materials for the work.  That same month,

plaintiff moved by order to show cause for an order of attachment against defendants, seeking to attach the proceeds of an imminent arbitration between plaintiff and Lewis, Inc. Lewis and Hall moved to dismiss the complaint against them. Supreme Court granted Lewis and Hall's motion to dismiss the complaint against them and denied plaintiff's application for an order of attachment. Plaintiff now appeals, and we affirm.

A cause of action for fraud does not exist where the alleged fraudulent act is premised upon a breach of a contractual obligation (see New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d 1085, 1088 [2015]; Salvador v Uncle Sam's Auctions & Realty, 307 AD2d 609, 611 [2003], lv dismissed 1 NY3d 566 [2003]). Plaintiff contends that it alleged a fraud in the inducement cause of action that would apply in the event that the contract contradicted the promises that Hall and Lewis had made prior to the contract's execution. Granting plaintiff that premise, we nonetheless reject its argument as a matter of law.

According to plaintiff's allegations, prior to entering into the contract, both Hall and Lewis assured plaintiff that they would not substitute materials without plaintiff's permission.[1] The contract reveals that Lewis, Inc. agreed to perform the work "in strict accordance" with the contractual specifications, which specifications allowed for substitutions of materials in certain instances without plaintiff's permission. Even accepting plaintiff's allegations as true, a sophisticated business entity cannot justifiably rely on oral representations when it thereafter enters into a contract containing terms that directly contradict those oral representations (see Bank of Am., N.A. v Lang Indus., Inc., 127 AD3d 1457, 1459 [2015]; Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [2008], lv dismissed 12 NY3d 748 [2009]; West v Szwalla, 234 AD2d 638, 638 [1996]; Dunkin' Donuts of Am. v Liberatore, 138 AD2d 559, 560 [1988]). Accordingly, plaintiff's fraud cause of action is subject to

---

[1]  Although plaintiff contends that Lewis made his representation after plaintiff had already signed the contract, plaintiff acknowledges that the contract was still in its control and that it had not yet delivered the contract to Lewis, Inc.

dismissal, either as duplicative of the contract cause of action or, in the alternative, based on plaintiff's own allegations that it relied on oral representations that were contradicted by the terms of the contract that it thereafter entered into.

Further, Supreme Court did not abuse its discretion in denying plaintiff's motion for attachment. As relevant here, the remedy of attachment is available where a plaintiff "has demanded and would be entitled . . . to a money judgment against one or more defendants, when . . . the defendant, with intent to defraud his [or her] creditors or frustrate the enforcement of a judgment that might be rendered in [the] plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts" (CPLR 6201 [3]). Attachment is a drastic remedy, and "CPLR 6201 is strictly construed in favor of those against whom it may be employed" (Grafstein v Schwartz, 100 AD3d 699, 699 [2012]; see Glazer & Gottlieb v Nachman, 234 AD2d 105, 105 [1996]). Plaintiff put forward proof that the offices of Lewis, Inc. appeared to be for sale, that Lewis, Inc. did not have any visible assets or vehicles at those offices and that Lewis resided in Texas. A contractor who worked in the same area as Lewis, Inc. averred that Lewis, Inc. had ceased operation. Hall provided contrary evidence, averring that Lewis, Inc. continued to operate. Even assuming that plaintiff's proof was sufficient to establish that Lewis, Inc. was beginning efforts to wind down as a corporate entity, such proof, on its own, does not give rise to the inference that these efforts were for the purpose of secreting assets in order to frustrate a potential judgment. Accordingly, Supreme Court did not abuse its discretion in finding that plaintiff failed to satisfy the exacting standard for attachment pursuant to CPLR 6201 (3) (see Societe Generale Alsacienne De Banque, Zurich v Flemingdon Dev. Corp., 118 AD2d at 773; Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, 167 [1984]). Plaintiff's remaining arguments are unpreserved and/or without merit.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court