Towne v Kingsley (2018 NY Slip Op 05387)





Towne v Kingsley


2018 NY Slip Op 05387


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018

525678

[*1]JAMES T. TOWNE JR., Individually and on Behalf of TOWNEKING REALTY, LLC, Respondent,
v
JOHN P. KINGSLEY, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


David E. Woodin, LLC, Catskill (David E. Woodin of counsel), for appellant.
DuCharme, Clark & Sovern, LLP, Clifton Park (John B. DuCharme of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from an order and judgment of the Supreme Court (Fisher, J.), entered July 5, 2016 in Greene County, which, among other things, partially denied defendant's motion to set aside the verdict, and (2) from a judgment of said court, entered December 22, 2016 in Greene County, upon a decision of the court with an advisory jury in favor of plaintiff.
As discussed more fully in this Court's prior decision (121 AD3d 1381 [2014]), the parties formerly practiced law together as Kingsley and Towne, P.C. and formed Towneking Realty, LLC in order to purchase the building in which their Greene County law office was located (hereinafter the subject property). After the
parties dissolved Kingsley and Towne, P.C. and opened their own law practices, defendant remained in possession of the subject property and operated his practice therein, covering the mortgage payments and all expenses associated with the property, as well as collecting rents, purportedly pursuant to an oral agreement between the parties. In 2007, defendant conveyed the subject property from Towneking to himself, ultimately prompting plaintiff to commence this action for, among other things, conversion, fraud and other equitable claims. After joinder of issue, the parties moved for summary judgment, and their motions were denied, except insofar as Supreme Court granted plaintiff's request to dismiss certain affirmative defenses. This Court affirmed that order (121 AD3d at 1383).
The action proceeded to trial and a jury was empaneled to issue a verdict on plaintiff's causes of action for conversion and fraud, and to issue an advisory opinion for several of [*2]plaintiff's equitable claims (see CPLR 4212). The jury returned a verdict for plaintiff on the fraud and conversion causes of action, awarding him $95,000 and $24,800, respectively, but declined to award punitive damages. The jury also found in plaintiff's favor on his claims in equity. As relevant here, plaintiff moved to confirm the advisory jury's verdict on the equitable claims, and defendant opposed that motion and moved to set aside the verdict on the claims at law. In May 2016, Supreme Court partially granted defendant's motion by vacating the jury verdict insofar as it awarded plaintiff damages for conversion because that cause of action was barred by the applicable statute of limitations. The court also granted plaintiff's motion to confirm the advisory jury verdict for his equitable causes of action and ordered an accounting. After a referee conducted an accounting, plaintiff was awarded $79,701, plus interest, for his claims in equity. Defendant now appeals.
Defendant first contends that the jury verdict as to the cause of action alleging fraud must be set aside as legally insufficient or against the weight of the evidence. Specifically, defendant claims that he did not owe plaintiff any duty to disclose material information and that, even if there were such a duty, plaintiff failed to demonstrate that he used available, reasonable means to discover that defendant had transferred title of the subject property from Towneking to himself. It is long-settled that "evidence is legally insufficient to support a verdict where there is simply no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial" (Hattem v Smith, 149 AD3d 1339, 1340 [2017] [internal quotation marks, brackets and citations omitted]; see Killon v Parrotta, 28 NY3d 101, 108 [2016]). "If legally sufficient evidence is found to support a verdict, it may nevertheless be set aside as against the weight of the evidence if the evidence so preponderated in favor of the [defendant] that the verdict could not have been reached on any fair interpretation of the evidence" (Longtin v Miller, 133 AD3d 939, 940-941 [2015] [internal quotation marks, brackets and citations omitted]; see Killon v Parrotta, 28 NY3d at 107-108).
As relevant here, "[t]he elements of a fraud cause of action consist of a misrepresentation or a material omission of fact which was false and known to be false by the defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016] [internal quotation marks, brackets and citations omitted]; see New York State Workers' Compensation Bd. v Marsh U.S.A., Inc., 126 AD3d 1085, 1088 [2015]). Where, as here, a fraud claim turns on an omission or concealment rather than an active misrepresentation, the plaintiff must prove that the defendant owed "a duty to disclose the material fact alleged to be omitted or concealed" (Sutton v Hafner Valuation Group, Inc., 115 AD3d 1039, 1041-1042 [2014]; see Krog Corp. v Vanner Group, Inc., 158 AD3d 914, 919 [2018]).
Here, documents were introduced into evidence that indicated that defendant was president of Towneking. Moreover, in his testimony at trial, defendant acknowledged signing the mortgages on the subject property as president of Towneking and admitted that he was the managing partner and that, because he had control over the company, he transferred the subject property to himself. Given this evidence, there is a valid line of reasoning and permissible inferences that could have reasonably led the jury to conclude that defendant was the managing member of Towneking and, thus, owed plaintiff a duty of disclosure (see Salm v Feldstein, 20 AD3d 469, 470 [2005]; cf. Pokoik v Pokoik, 115 AD3d 428, 429 [2014]).
We disagree with defendant's contention that plaintiff failed to prove justifiable reliance. The justifiable reliance element of fraud is not satisfied where the plaintiff "has the means [*3]available to . . . know[], by the exercise of ordinary intelligence, the truth or the real quality of the subject of the [omission]," but fails to "make use of those means" (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 153-154 [2010] [internal quotation marks and citation omitted]; see Abele Tractor & Equip. Co., Inc. v Balfour, 133 AD3d 1171, 1174 [2015]). Here, the jury was provided with extensive correspondence between the parties, including letters from defendant to plaintiff expressing defendant's interest in the subject property and a subsequent letter from plaintiff to defendant wherein plaintiff indicated that he was unwilling to transfer ownership of the subject property without the parties resolving other outstanding issues pertaining to their defunct law practice. The jury also heard testimony from plaintiff that defendant never asserted that he was the sole owner of the subject property, and plaintiff averred that he did not think that defendant could transfer title of the subject property without his consent. Also admitted into evidence was a letter, dated approximately 10 months after defendant executed the deed transferring the subject property to himself, in which plaintiff suggested that the parties sell the subject property and rent space to defendant while he continued to practice. Defendant testified that he did not respond to the letter. These letters and corresponding testimony supplied legally sufficient evidence that plaintiff justifiably relied on defendant's omission (see generally DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d at 154-155). Given this same evidence, the verdict finding that defendant committed fraud was not against the weight of the evidence (see Revell v Guido, 124 AD3d 1006, 1012 [2015]; compare WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1160 [2016]).
Defendant also argues that certain questions on the special verdict sheet were "fundamentally flawed" because they asked whether he had committed fraud or breached his fiduciary duty to plaintiff on the date title to the subject property was transferred, rather than by failing to disclose that transfer to plaintiff thereafter. Inasmuch as defendant did not specifically argue this issue before Supreme Court, it is unpreserved for our review (see Brown v Dragoon, 11 AD3d 834, 835 [2004], lv denied 4 NY3d 710 [2005]; compare Piotrowski v McGuire Manor, Inc., 117 AD3d 1390, 1392-1393 [2014], lv denied 118 AD3d 1368 [2014]), and defendant's proposed verdict sheet — which Supreme Court reviewed but ultimately rejected — did not address this specific issue. In any event, the errors in the special verdict sheet, if any, were not so fundamental as to warrant this Court granting a new trial (see McIntosh v City of New York, 13 AD3d 421, 422 [2004]; compare Kayser v Sattar, 57 AD3d 1245, 1247-1248 [2008]). To the extent that defendant's remaining claims are preserved for our review, we find them to be lacking in merit.
Garry, P.J., McCarthy, Clark and Rumsey, JJ., concur.
ORDERED that the order and judgment and judgment are affirmed, with costs.