Meija-Gonzales v Storch (2020 NY Slip Op 07284)





Meija-Gonzales v Storch


2020 NY Slip Op 07284


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 154573/12 Appeal No. 12528-12528A Case No. 2020-01726, 2020-01754 

[*1]Jaime Alberto Meija-Gonzales, Plaintiff-Appellant,
v
Oliver S. Storch, Defendant-Respondent.


Leon I. Behar, P.C., New York (Leon I. Behar of counsel), for appellant.
Brand Glick Brand, Garden City (Robert S. Mazzuchin of counsel), for respondent.



Judgment, Supreme Court, New York County (Lyle E. Frank, J.) entered January 29, 2020, after a jury trial, dismissing plaintiff's claims and awarding defendant the principal amount of $50,000 plus interest on its counterclaim, unanimously affirmed, without costs. Order, same court and Justice, entered March 4, 2020, which denied plaintiff's motion to set aside the verdict and for related relief, unanimously affirmed, without costs.
Plaintiff's argument that the trial court erroneously instructed the jury that he, rather than defendant, had the burden of proof, was not raised before the trial court and it is thus [*2]unpreserved (CPLR 4110-b). Nor does plaintiff show that this issue should be reached in the interests of justice, as this is not a situation where the court "effectively foreclosed the jury from evaluating the evidence in accordance with the proper legal standard" (Pagnotta v Diamond, 51 AD3d 1099, 1101 [3d Dept 2008]).
Plaintiff's motion to set aside the verdict and related relief was properly denied. Plaintiff complains that the court failed to properly instruct the jury on the law of whether a Statement of Client's Rights is required for a retainer agreement to be enforceable. However, the court properly explained that there had been no evidence introduced on that issue, other than the parties' testimony. Under the circumstances, the court properly allowed the jury to assess the competing testimony of defendant, who testified that he had provided such Statement to plaintiff's wife, and of plaintiff's wife, who testified she never received it.
Plaintiff's argument that the court caused confusion by using the word "contract" rather than "retainer agreement" in the jury questions, is unavailing. In its charge to the jury, the court reiterated that the case concerned a contract between an attorney and client, and further explained that "[t]he relationship between an attorney and his client is controlled by the agreement they make except that the client has the absolute right to terminate the relationship at any time."
Plaintiff claims the court should have instructed the jury that nonrefundable retainer fees are contrary to public policy, but as this Court previously held, defendant presented expert evidence that the agreement at issue was not a nonrefundable fee agreement (see 148 AD3d 467, 468 [1st Dept 2017]). Moreover, plaintiff presented no evidence at trial to the contrary, that the agreement at issue was a nonrefundable fee agreement. Instead, his unconscionability argument is, in essence, one of unconscionability in hindsight, which is unavailing (see Matter of Lawrence, 24 NY3d 320, 339-340 [2014]).
Contrary to plaintiff's assertions, the concepts of termination of an attorney with or without cause and the fee-related consequences of each were in the jury charge or the questions to the jury, and the court also charged the jury on the concept of full performance.
Plaintiff's arguments concerning the $50,000 awarded defendant on his counterclaim also fail. During the charge conference, plaintiff's counsel did not object to the court's holding that this was not an issue for the jury, if the jury determined that there was a valid contract under which defendant fully performed, which the jury did. Under the circumstances, thereis no question of defendant's entitlement to the additional $50,000, given that this was a contract for a $250,000 retainer.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020